FILED
MISSOULA, MT

2005 DEC 28  PM 4 25

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

DANIEL WARREN FINLEY,                )     CV 03-97-M-DWM
                                     )
            Petitioner,              )
                                     )
      vs.                            )     ORDER
                                     )
MIKE MAHONEY,                        )
                                     )
            Respondent.              )
_____)

United States Magistrate Judge Leif B. Erickson entered
Findings and Recommendation (dkt #12) in this matter on May 12,
2005.  Petitioner did not timely object and so has waived the
right to de novo review of the record.  28 U.S.C. § 636(b)(1).
This Court will review the Findings and Recommendation for clear
error.  *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*,
656 F.2d 1309, 1313 (9th Cir. 1981).  Clear error exists if the
Court is left with a "definite and firm conviction that a mistake
has been committed."  *United States v. Syrax*, 235 F.3d 422, 427

-1-

(9th Cir. 2000).

## I.  Background

Petitioner is *pro se* proceeding pursuant to 28 U.S.C. §
2254.  On September 10, 2003, Judge Erickson issued an Order
finding that Petitioner had procedurally defaulted on his claim
in state court.  After giving Petitioner information and
instructions regarding procedurally defaulted claims, Judge
Erickson required Petitioner to file a brief showing cause and
prejudice, or in the alternative, a fundamental miscarriage of
justice excusing the procedural default of his claim.

Petitioner's brief was initially due to be filed on or
before June 24, 2004.  Instead, on June 24, 2004, Petitioner
filed a motion for an extension of time to file his brief.  Judge
Erickson granted Petitioner's motion and set a new deadline of
August 24, 2004 for Petitioner to file his cause and prejudice
brief.  On August 23, 2004, Petitioner filed a Motion for
Assignment of Counsel.  At that time Petitioner had not yet filed
his brief attempting to demonstrate cause and prejudice.

On September 2, 2004, Judge Erickson issued an Order denying
Petitioner's Motion for Assignment of Counsel.  In the Order
Judge Erickson expressed concerns regarding the possibility that
the timing of Petitioner's motion was a delay tactic, and
regarding whether it could even consider the merits of
Petitioner's claims given his procedural default in state court.
Judge Erickson gave Petitioner until September 30, 2004, to file

-2-

his cause and prejudice brief.  This Order was addressed to
Petitioner at the address listed on his Motion for Assignment of
Counsel.  The postal service returned the Order to the Court.
The envelope was marked "return to sender" because the addressee
had "moved."  Petitioner has not filed a response to the Court's
September 2, 2004 Order.

The Montana Department of Corrections website indicates that
as of December 31, 2004, Mr. Finley's sentence expired.

## II.  Analysis

The trial court has discretion under Fed. R. Civ. P. 41(b)
in dismissing an action for failure to comply with a court order.
*Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1170 (9th
Cir. 1975).  However, a court must consider the following factors
before imposing a dismissal as a sanction for failure to
prosecute or failure to comply with a court order:  (1) the
public's interest in expeditious resolution of litigation; (2)
the court's need to manage its docket; (3) the risk of prejudice
to the defendants/respondents; (4) the availability of less
drastic alternatives; and (5) the public policy favoring
disposition of cases on their merits.  *Pagtalunan v. Galaza*, 291
F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963
F.2d 1258, 1260-61 (9th Cir. 1992)); see also *Dahl v. City of
Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996); *Thompson v.
Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)
(per curiam), *cert. denied*, 479 U.S. 829 (1986).

Petitioner's failure to cooperate and resolve this case supports dismissal. "The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Given Petitioner's failure to respond to Court orders and failure to update the Court with his current address, this factor weighs in favor of dismissal.

Docket management favors dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (citing *Yourish*, 191 F.3d 983). Judge Erickson provided Petitioner with numerous opportunities to file a brief showing cause and prejudice, or in the alternative, a fundamental miscarriage of justice excusing the procedural default of his claim. Petitioner has failed to do so. The Court must be able to manage its docket. Therefore, this factor favors dismissal.

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). The Respondent has not yet been served in this case and thus there is no immediate prejudice to Respondent. However, given Petitioner's refusal to comply with Judge Erickson's orders and failure to provide an updated address, the

matter could linger indefinitely and prejudice Respondent.

The fourth element mandates that courts should consider the possibility of and provide less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although the court should consider less drastic alternatives to a dismissal, the court is not required to exhaust all such alternatives prior to dismissal. *Id.* Judge Erickson granted Petitioner an extension of time to file his cause and prejudice brief, and after denying his Motion for Assignment of Counsel gave him an additional twenty-eight days to file his brief. In his Order requiring Petitioner to show cause and prejudice and in his Order granting Petitioner's Motion for an Extension of Time, Judge Erickson warned Petitioner that his failure to file written documentation as ordered could result in a recommendation of denial of his claims.

Judge Erickson also warned Petitioner that failure to keep the court advised of any change of address could result in a recommendation of denial of his claims. The Court has the authority to dismiss a claim when a party fails to notify the Court of a change of address. Rule 5.5 of the Local Rules of Procedure for the United States District Court for the District of Montana states:

(a) Duty to Notify. An attorney or a party

-5-

proceeding pro se whose address changes while an
action is pending must promptly file with the Court
and serve upon all opposing parties a Notice of
Change of Address specifying the new address.

(b) Dismissal Due to Failure to Notify.  The Court
may dismiss a complaint without prejudice or strike
an answer when:
> 1) mail directed to the attorney or *pro se*
> party by the Court has been returned to the
> Court as not deliverable; and
>
> 2) the Court fails to receive within 60 days of
> this return a written communication from the
> attorney or *pro se* party indicating a current
> address.

The September 2, 2004 Order was returned to the Court

as undeliverable on September 9, 2004 and more than 60 days

have passed without any notice to the Court from Petitioner

of his current address.  Moreover, Judge Erickson's Finding

and Recommendations were returned by the postal service to

the clerk's office on May 9, 2005 (dkt #13).

Although the Court could grant Petitioner additional

time to respond, this alternative appears futile given

Petitioner's failure to keep the Court apprised of his

current address.  Petitioner could have objected to the

Findings and Recommendations, which may not technically be

considered an "alternative" but it provided Petitioner the

chance to challenge this Court's rulings.

The last factor weighs against denial of the petition

because public policy favors the disposition of cases on

their merits.  *Pagtalunan*, 291 F.3d 639 (citing *Hernandez v.*

-6-

*City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). However, cumulatively the Court finds that the other four factors weigh in favor of dismissing the Petition filed pursuant to 28 U.S.C. § 2254 and therefore dismissal is an appropriate sanction in this matter.

Based on the foregoing, IT IS HEREBY ORDERED that Judge Erickson's Findings and Recommendation are adopted in full and Petitioner's Petition (dkt #1) is DENIED without prejudice.

DATED this 28 day of December, 2005.

Donald W. Molloy, Chief Judge
United States District Court